9 F.3d 1535
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Benis A. Colon MARTINEZ, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 93-1336.
 United States Court of Appeals,
First Circuit.
 November 15, 1993
 
 Appeal from the United States District Court for the District of Puerto Rico
 Raymond Riveral Esteves and Juan A. Hernandez Rivera on brief for appellant.
 Charles E. Fitzwilliam, United States Attorney, Jose Vazquez Garcia, Assistant U.S. Attorney, and Robert M. Peckrill, Assistant Regional Counsel, Department of Health & Human Service, on brief for appellee.
 D. Puerto Rico
 AFFIRMED
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 We have carefully reviewed the parties' briefs and the record on appeal. Although contrary evidence was presented, we find that substantial evidence supports the finding that the claimant retained the mental and physical capacity to perform the easy to learn, routine, unskilled jobs as determined by the Secretary. We affirm the judgment of the district court substantially for the reasons stated in the magistrate judge's opinion dated January 22, 1993, and the district court's opinion dated March 8, 1993.
 
 
 2
 We add only the following comments. First, claimant contends that the ALJ erred in finding that claimant's condition does not qualify as a listed impairment pursuant to 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.05C (Mental Retardation). Two examining psychologists did find that claimant had a verbal IQ of 68. However, a verbal IQ of 68, standing alone, does not rise to the level of severity required to establish a disorder under section 12.05C. A claimant at that IQ level must also show "a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.05C. Viewing the record as a whole, and giving due weight to the ALJ's evaluation of witness' credibility and to his resolution of conflicts in the medical evidence, we find that substantial evidence supports the conclusion that claimant did not establish that his hearing impairment, and/or anxiety disorder imposes additional or significant work-related limitations of function so as to satisfy the second prong of section 12.05C.
 
 
 3
 Second, claimant's assertion that the ALJ disregarded his subjective complaints of severe physical pain is belied by the record. The ALJ properly considered not only claimant's allegations of pain but his prior work record, information from examining physicians and claimant's daily activity. See Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986). On the basis of all relevant evidence, the ALJ supportably found that there was no indication that claimant suffered sufficient pain to prevent or limit him from performing routine work activities, provided that those activities did not involve working on unprotected heights, being around moving machinery or being in the presence of loud noises.
 
 
 4
 Affirmed.